# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DARRYLE MOSBY,** | ) | **CASE NO. 1:14 CV 31** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **PRESTIGE FINANCIAL SERVICES,** | ) | |
| **INC., et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion to Dismiss filed by Plaintiff, Darryle Mosby. (Docket #15.) Plaintiff asks the Court to dismiss the State law breach of contract Counterclaim filed by Defendant, Prestige Financial Services, Inc., pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

When a court's subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the party seeking to invoke jurisdiction bears the burden of proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id.* Thus, those allegations must be taken as true and construed in the light most

favorable to the nonmoving party. *Id.* Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id.* In such cases, the court is free to weigh any evidence properly before it to satisfy itself as to the existence of its power to hear the case. *Id. See also Ohio Nat'l Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

This Court has original jurisdiction over Plaintiff's Telephone Consumer Protection Act ("TCPA") claim against Defendant, pursuant to 28 U.S.C. § 1331. Defendant argues that this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over its breach of contract Counterclaim against Plaintiff, asserting that the Counterclaim forms part of the same case or controversy presented by Plaintiff's complaint. This Court agrees. None of the exceptions set forth in 28 U.S.C. § 1367(c), under which the Court may decline to exercise supplemental jurisdiction, apply in this case. Defendants are alleged to have illegally contacted Plaintiff to collect on a debt and the Counterclaim seeks collection of said debt. The existence of the debt and the express consent/revocation of consent are relevant to Plaintiff's claim. Judicial efficiency will best be served, under the facts and circumstances of this case, by resolving both claims in one case. Accordingly, Plaintiff's Motion to Dismiss is DENIED.

**Conclusion**

Based on the foregoing, the Motion to Dismiss (Docket #15) filed by Plaintiff is hereby DENIED.

IT IS SO ORDERED.

                                                  s/Donald C. Nugent
                                                  DONALD C. NUGENT
                                                  United States District Judge

DATED:   June 27, 2014